UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJEAN LUCKY,

    Plaintiff,

v.

COBX, CO. d/b/a
EMERGENT
HOLDINGS Inc.,

    Defendant.
_____/

Case No. 22-12514
Honorable Victoria A. Roberts

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 6]

### I.     INTRODUCTION

Najean Lucky filed this suit against her former employer COBX, Co. ("Defendant") for allegedly failing to accommodate her religious accommodation request after the company mandated that all employees get vaccinated against COVID-19. Lucky alleges: (1) failure to accommodate under Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); (2) Title VII retaliation (Count II); and (3) retaliation under the Elliot-Larsen Civil Rights Act ("ELCRA") (Count III).

Before the Court is Defendant's motion to dismiss Counts II and III. [ECF No. 6]. Because Lucky cannot establish that her religious accommodation request was the "but for" cause of her termination as a

1

matter of law, the Court **GRANTS** Defendant's motion.

## II.　FACTUAL BACKGROUND

On November 1, 2021, Defendant announced a mandatory policy that required all employees to get vaccinated against COVID-19 by December 8, 2021. The only exception to the policy was for individuals who received a religious or medical accommodation. The policy contemplated that if an employee did not obtain a religious or medical accommodation and failed to get vaccinated, Defendant would place the employee on unpaid leave on December 9, 2021 before terminating the employment. This policy applied to remote employees as well.

On November 8, 2021, Lucky requested a religious accommodation. She outlined her religious beliefs and why she could not get the COVID-19 vaccination. *See* [ECF No. 10-2].

Shortly after the interview, Defendant denied Lucky's request via email because "the information [she] provided, both verbally and in writing, [did] not meet the criteria for a sincerely held religious belief, practice, or observance." [ECF No. 10-1, PageID.191].

Lucky did not get vaccinated. She believed that she should not be forced to get vaccinated given her religious beliefs and her status as a fully remote employee.

On December 9, 2021, Defendant suspended Lucky without pay. One month later, Defendant terminated Lucky and 250 other employees whose religious accommodation requests were also denied. Lucky then filed this suit.

### III.  LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

Dismissal under Rule 12(b)(6) is warranted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

## IV. ANALYSIS

Title VII makes it unlawful for an employer to discriminate against any of its employees because the employee "opposed . . . an unlawful employment practice" or participated in an investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a). An "unlawful employment practice" includes employment discrimination on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ELCRA operates using the same analytical framework. *See* M.C.L. § 37.2202(1)(a).

To establish a prima facie case of Title VII [and ELCRA] retaliation, a plaintiff must show that: (1) she engaged in protected activity; (2) the employer knew of the protected activity; (3) the employer took an adverse employment action against her; and (4) there was a causal connection between the protected activity and the adverse employment action. *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008). Regarding the "causal connection" element, a plaintiff "must establish that

4

his or her protected activity was a but for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Cntr. V. Nassar*, 570 U.S. 338, 362 (2013); *Hecht v. Nat'l Heritage Academies, Inc.*, 499 Mich. 586, 606 (2016).

To establish retaliation under both statutes, Lucky alleges that (1) her request for accommodation was a protected activity; (2) Defendant knew of her protected activity; (3) Defendant took an adverse action by terminating her; and (4) "but for" her accommodation request, Defendant would not have terminated her. Defendant argues that Lucky cannot establish the "but for" element because her termination would have occurred even without her religious accommodation request. Defendant says that it terminated Lucky not because of her accommodation request, but because she refused to get vaccinated after her accommodation request was denied.

Defendant asserts that Lucky cannot show Defendant terminated her solely because she filed an accommodation request. Defendant is correct, and this argument is dispositive as a matter of law. The Court need not address Defendant's second argument: that a request for accommodation is not a protected activity.

"'Causation in fact'—i.e., proof that the defendant's conduct did in fact cause the plaintiff's injury—is a standard requirement of any tort claim . . . and this includes federal statutory claims of workplace discrimination."

*Nassar*, 570 U.S. at 346. A plaintiff is required "to show that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct . . . and it is thus textbook tort law that an action is not regarded as a cause of an event if the particular event would have occurred without it." *Id.* (internal quotes omitted).

Put differently, *Nassar* holds that to sustain a claim for retaliation, it must be plausible that, but for a request for a religious exemption, the plaintiff would not have been suspended and terminated. *See id.* at 362 ("The text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim . . . must establish that his or her protected activity was a but for cause of the alleged adverse action by the employer.").

*Hunter v. AFGroup Emerging Markets*, No. 22-CV-990, 2023 WL 372204 (E.D. Wis. Jan. 24, 2023) presents almost the exact facts as Lucky's case. (Indeed, plaintiff's counsel in *Hunter*—Noah S. Hurwitz—is the same attorney who represents Lucky.) Hunter sued his former employer for religious discrimination under Title VII. *Id.* at *1. In September 2021, Hunter preemptively submitted a request for religious exemption because he feared that his employer would require employees to get the COVID-19 vaccine. *Id.* He was right. In November 2021, Hunter's employer adopted a vaccination policy requiring all employees, including those working remotely, to be

vaccinated by December 8, 2021. *Id.*

The policy contemplated that employees whose requests for religious exemption were denied and who did not get vaccinated would be placed on unpaid leave; if they remained unvaccinated, they would be terminated on January 5, 2022. *Id.* Hunter's preemptive request for a religious exemption was denied, and he did not subsequently receive the vaccination. *Id.* His employer placed him on unpaid leave on December 9, 2021, and terminated his employment on January 5, 2022.

The district court granted the employer's motion to dismiss Hunter's Title VII retaliation claim, reasoning that it failed for lack of causation. *Id.* at *3. "Hunter's request for a religious exemption could not have been the but for cause of his suspension and termination because they would have happened all the same given his refusal to get vaccinated." *Id.*

Like the plaintiff in *Hunter,* Lucky's amended complaint makes clear that she was terminated because she refused the vaccine, not because she requested a religious exemption. *See* [ECF No. 3, PageID.26] ("Employees denied accommodation to the vaccine mandate were forced into the horrible position of *choosing between vaccination or termination* . . . Defendant terminated remote employees *who remained unvaccinated* despite those employees posing no discernible risk to their coworkers.") (emphasis added).

7

Despite her assertions otherwise, Lucky's own words, coupled with the terms of Defendant's policy, show that Defendant terminated her because she refused to get vaccinated against COVID-19, not because she requested an accommodation.

And Lucky does not allege that, had she never requested a religious exemption but still refused to get vaccinated, she would have remained employed. Nor does she allege that, had she gotten vaccinated, she still would have been suspended and terminated because she had requested a religious exemption. It was not Lucky's request for accommodation that resulted in her termination, but her failure to get the COVID-19 vaccine *after her request for accommodation was denied*. Lucky cannot, as a matter of law, establish either of her retaliation claims.

Lucky is not left without relief. Though her retaliation claims fail, Lucky may still seek relief through her failure to accommodate claim.

## V. CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss Counts II and III of Lucky's amended complaint.

**IT IS ORDERED**.

Dated: 5/10/2023

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

8

9